IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURTIS A. JENKINS, ) | |
| ) | |
| Petitioner, ) | 4:05CV3099 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 12, the respondent's Motion for Summary Judgment, and filing no. 15, the petitioner's Motion to Expand the Designated State Court Record. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Curtis A. Jenkins, alleges violations of his civil rights in connection with his conviction in the District Court of Fillmore County, Nebraska, on or about May 7, 2000, for burglary and assault on an officer, and in connection with a subsequent motion for postconviction relief.

### The Petitioner's Claims

The petitioner alleges the following habeas corpus claims in this court:

1. Ineffective assistance of appellate counsel in failing to raise the issue on direct appeal of ineffective assistance of trial counsel in all of the stages of the case in the district court from pretrial through sentencing;

2. Denial of due process during the petitioner's appeal from the denial of postconviction relief; and

3. Denial of due process during the petitioner's postconviction proceedings

when the district court denied the petitioner's motion for leave to amend his postconviction motion.

### Errors in Postconviction Proceedings (Claims 2 and 3)

The petitioner's second and third § 2254 claims, based on defects in his state postconviction proceedings, must be dismissed. Errors during state postconviction review and claims based on ineffective assistance of counsel and other constitutional deprivations during state postconviction proceedings are not cognizable in a federal habeas corpus action.

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). See, e.g., Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) (a claim regarding an infirmity in state postconviction proceedings "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition").

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal from a conviction, but not for violations which occur on collateral review. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings .... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings .... "); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state postconviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)

2

(errors and irregularities in state postconviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's postconviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state postconviction] process are not cognizable in federal habeas proceedings"); Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state postconviction court to hold a hearing and provide written findings is not cognizable in a federal habeas corpus action); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (*per curiam*) (claim of due process violation in state postconviction court "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"). In light of the foregoing authorities, the petitioner's second and third § 2254 claims will be dismissed.

## Procedural Default (Claim 1)

The petitioner's first claim, i.e., ineffective assistance of appellate counsel, never reached the Nebraska appellate courts for consideration on the merits.  After the district court denied the petitioner's motion for postconviction relief, the petitioner sought leave to amend his postconviction motion to assert the claim of ineffective assistance of appellate counsel in the first instance.  The district court denied the motion for leave to amend, and the petitioner appealed, alleging an abuse of discretion in the denial of his motion for leave to amend.  The Nebraska appellate courts summarily denied the petitioner's appeal, and, thus, the petitioner's ineffective assistance of counsel claim has never been presented to the Nebraska appellate courts on the merits of the claim.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"  Baldwin v. Reese,  541 U.S. 27, 29 (2004) (citations omitted).  See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999): "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief.  Id. at 845.  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief.  Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been  presented in an appeal to the Nebraska Court of Appeals, and then in a petition

4

for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

When a state's highest court refuses to consider a claim because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review of the claim if the state court's procedural ruling is independent of the federal question and adequate to support the judgment. Lee v. Kemna, 534 U.S. 362, 375 (2002). Accord Coleman v. Thompson, 501 U.S. 722, 729-30 (1991): "We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds."

Because the petitioner sought leave to amend his postconviction motion after an adverse decision had already been rendered on his postconviction motion, the district court had an adequate and independent state law ground for refusing to hear the claim of ineffective assistance of counsel. Hence the petitioner's procedural default bars federal habeas review of the petitioner's first claim, ineffective assistance of appellate counsel.

The petitioner does not allege any cause for his procedural default other than the allegedly wrongful denial by the postconviction court of the petitioner's motion for leave to amend. However, in his appellate brief to the Nebraska Court of Appeals in Case No. A-04-1371 (see filing no. 14, attachment 6), the petitioner thoroughly presented his arguments regarding why the district court had erred in denying leave to amend. The

5

appellate court rejected those arguments. The arguments presented by the petitioner rested on state law and did not include his present claim of denial of due process. Even if the Nebraska Court of Appeals erroneously affirmed the denial of leave to amend, federal habeas corpus relief does not lie for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991): "It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Accord Lannert v. Jones, 321 F.3d 747, 751 (8th Cir. 2003) ("We have repeatedly stated that 'a mere violation of state law is not the automatic equivalent of a violation of the federal Constitution.'").

Thus, the petitioner's first § 2254 claim is barred by procedural default, and his only showing of cause and prejudice to excuse the default is insufficient.

THEREFORE, IT IS ORDERED:

1. That filing no. 12, the respondent's Motion for Summary Judgment, is granted;

2. That filing no. 15, the petitioner's Motion to Expand the Designated State Court Record, is denied as moot;

3. That the petitioner's § 2254 petition and this action are dismissed with prejudice; and

4. That a separate judgment will be entered accordingly.

DATED this 17th day of January, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge